# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CENTRAL DIVISION

| | |
|---|---|
| RANDY OFFIELD,<br><br>    Plaintiff,<br><br>vs.<br><br>JO ANNE B. BARNHART,<br>Commissioner of Social Security,<br><br>    Defendant. | No. C04-3076-MWB<br><br>**MEMORANDUM OPINION AND ORDER REGARDING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION** |

_____

      This matter comes before the court pursuant to United States Magistrate Judge Paul A. Zoss's Report and Recommendation in this judicial review of the denial by an administrative law judge ("ALJ") of Title XVI supplemental security income and Title II disability insurance benefits. Judge Zoss determined that there was not substantial evidence in the record as a whole to support a finding that Randy Offield ("Offield") is not disabled due to Offield's mental illness.

      Judge Zoss's Report and Recommendation concluded that the ALJ failed to fairly develop the record and that the denial of benefits is not supported by substantial evidence. *Offield v. Barnhart*, No. 04-3076-MWB , 2006 WL 533783, *1 (N.D. Iowa, Mar. 02, 2006). Specifically Judge Zoss stated:

> In the present case, the record lacks substantial evidence to make a determination that Offield is able to work full-time at any occupation. The evidence actually *suggests* the contrary, although the record does not contain substantial evidence to support either conclusion. The only support for the ALJ's conclusion that Offield's mental illness would not affect his ability to work is the opinion of a consulting physician who

> never examined Offield. Dr. Okoli, Offield's treating
> physician, never offered an opinion of any kind regarding
> Offield's ability to work, and he was never asked to do so.

*Id.* at 19. Further, Judge Zoss found the record does not contain substantial evidence to support the ALJ's determination that Offield is able to work. However, Judge Zoss found that the record does not contain substantial evidence to support Offield's claim of disability. Additional evidence from Offield's treating psychiatrist might alter the outcome of the disability determination, and the ALJ had a duty to obtain such evidence. Therefore, Judge Zoss recommends this case be remanded for further proceedings specifically regarding Offield's ability to work full-time, and develop the record as may be necessary. (*Id*. at 20).

The standard of review to be applied by the district court to a report and recommendation of a magistrate judge is established by statute:

> A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate [judge].

28 U.S.C. § 636(b)(1). The Eighth Circuit Court of Appeals has repeatedly held that it is reversible error for the district court to fail to conduct a *de novo* review of a magistrate judge's report where such review is required. *See, e.g., Hosna v. Groose*, 80 F.3d 298, 306 (8th Cir. 1996) (citing 28 U.S.C. § 636(b)(1)), *cert. denied*, 519 U.S. 860 (1996); *Grinder v. Gammon*, 73 F.3d 793, 795 (8th Cir. 1996) (citing *Belk v. Purkett*, 15 F.3d 803, 815 (8th Cir. 1994)); *Hudson v. Gammon*, 46 F.3d 785, 786 (8th Cir. 1995) (also citing *Belk*).

In this case, no valid and proper objections have been filed. Thus, the court concludes *de novo* review, required under the plain language of the statute only for "those portions of the report or specified proposed findings or recommendations to which objection

is made," 28 U.S.C. § 636(b)(1) is not required here, and the court will instead review only for plain error. *See Griffini v. Mitchell*, 31 F.3d 690, 692 (8th Cir. 1994) (reviewing factual findings for plain error where no objections to magistrate judge's report were filed). Upon plain error review, the court finds no grounds to reject or modify the Report and Recommendation. The ALJ's decision to deny benefits is **overruled.** Therefore, the Report and Recommendation is **accepted**, *See* § 28 U.S.C. 636(b)(1) ("A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."). Because the ALJ failed to develop the record, the court **reverses** the ALJ's decision and **remands** this case to the Commissioner for further development of the record consistent with this opinion. 42 U.S.C. § 405(g). On remand, the ALJ must give appropriate weight to the opinions of Offield's's treating physicians and mental health providers and develop the record as necessary to determine the non-exertional limitations upon Offield's employment. The Commissioner shall, thereafter, issue a new decision consistent with the opinion of this court.

      **IT IS SO ORDERED.**

      **DATED** this 24th day of April, 2006.

_____
MARK W. BENNETT
CHIEF JUDGE, U.S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA